UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY GILMORE, | Case No. 3:20-cv-00089-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENO JUSTICE COURT, *et al.*, | |
| Respondents. | |

Before the Court is Respondents' motion to dismiss Petitioner Roy Gilmore's 28 U.S.C. § 2241 *habeas corpus* petition as unexhausted, failing to state a claim for which relief may be granted, and/or because the Court should abstain from ongoing criminal proceedings. (ECF No. 8 ("Motion").) For the reasons discussed below, the Court grants the Motion.

**I.     BACKGROUND**

Petitioner Roy Gilmore is currently in the custody of the Colorado Department of Corrections. (*See* ECF No. 9-10.) Petitioner has an estimated parole eligibility date of February 2024 and an estimated release date of February 2033. (*Id.*) On November 15, 2017, the State of Nevada filed a criminal complaint in the Reno Justice Court in Washoe County, charging Petitioner with four counts of burglary, two counts of grand larceny, one count of possession of stolen property, and six counts of possession of a forged instrument. (ECF No. 9-2.) A warrant for Petitioner's arrest was issued on the same day. (*See* ECF No. 9-1 at 2.)

In September 2019, Petitioner mailed to the Reno Justice Court a request to demand a final and speedy disposition of charges. (ECF No. 9-4 at 1.) Petitioner also submitted a "petition for a writ of habeas corpus ad prosequendam [sic]" requesting an

order to command the State of Colorado to extradite Gilmore to the State of Nevada under NRS § 178.620. (ECF No. 9-5.) In October 2019, Petitioner submitted a "motion for speedy disposition in the form of a dismissal in accordance with Article III(d) of NRS § 178.620." (ECF No. 9-7.) While a judge on the Reno Justice Court has reviewed these documents (*see* ECF Nos. 9-6, 9-8, 9-9), that court has not ruled on the submissions or taken further action. (*See* ECF No. 9-1.)

Petitioner dispatched his federal petition for mailing on or about January 30, 2020. (ECF No. 6 ("Petition").) Petitioner states that as a state prisoner subject to untried charges, under *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973), Petitioner may bring this pretrial § 2241 *habeas corpus* petition to "demand the enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." (*Id.* at 4. (brackets in original.)) Respondents now move to dismiss the Petition as unexhausted, for failing to state a claim for which relief may be granted, and/or because the Court should abstain from ongoing criminal proceedings. (ECF No. 8.) Petitioner has not opposed Respondents' Motion or responded in any way.[1]

## II. DISCUSSION

### a. Interstate Agreement on Detainers

The Interstate Agreement on Detainers ("IAD") is a uniform statute and compact entered into by the majority of states and the federal government. *See* 18 U.S.C. App. 2, § 2; *see also New York v. Hill*, 528 U.S. 110, 112 (2000). Nevada and Colorado are both signatory states to the IAD. *See* NRS § 178.620; CRS § 24-60-501. The IAD was intended to provide an expeditious process for the disposition of pending charges in one state when a defendant is incarcerated in another state. It applies when: (1) there is an untried charging document; (2) a detainer has been filed; and (3) the case has not progressed beyond pretrial proceedings. *See* 18 U.S.C. App. 2, § 2, at Articles III and IV; *see also United States v. Lualemaga*, 280 F.3d 1260 (9th Cir. 2002).

---

[1] Local Rule 7-2(d) of the Local Rules of Civil Practice states in part that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting of the motion." LR 7-2(d).

2

According to the Colorado Department of Corrections, the State of Nevada has never lodged a detainer on Petitioner. (*See* ECF No. 9-11 at 2.) The Court agrees with Respondents that because Nevada has not lodged a detainer on Petitioner, the provisions of the IAD are not implicated here.

**b. Exhaustion**

Federal courts may grant pretrial petitions for writ of *habeas corpus* to state criminal defendants under 28 U.S.C. § 2241. *See Braden*, 410 U.S. at 489-93 (1973). A petitioner generally must exhaust state-court remedies before pursuing a federal habeas action. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts through to the highest court available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A petitioner must also refer in the state-court proceeding to the specific violated federal law and state the facts that entitle him or her to relief on the federal claim. *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). *See also Dominguez v. Kernan*, 906 F.3d 1127, 1135 n.9 (9th Cir. 2018) (internal citation omitted) (stating that § 2254 and § 2241 impose identical requirements on petitioners with respect to exhaustion of state judicial remedies); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

"Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden*, 626 F.2d at 83. This exhaustion rule has a very limited exception with respect to pre-conviction habeas petitions. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies only if a petitioner can show that "special circumstances" warrant federal intervention. *Id.* at 83-84. Special circumstances include cases of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, Petitioner must pursue his claims in Nevada state courts before this Court may entertain his petition. *See Braden*, 410 U.S. at 490 (obiter dictum) (stating that a petitioner must exhaust state remedies in the state that has filed the detainer against petitioner). As noted above, Petitioner mailed to Reno Justice Court a request to demand final and speedy disposition of charges in September 2019. (ECF No. 9-4 at 1.) Petitioner submitted a petition for a writ of *habeas corpus ad prosequendum* requesting an order to command Colorado to extradite Petitioner to Nevada under NRS § 178.620. (ECF No. 9-5.) Petitioner also submitted a motion for speedy disposition of his case in accordance with NRS § 178.620. (ECF No. 9-7.) The Reno Justice Court reviewed these documents (*see* ECF Nos. 9-6, 9-8, 9-9) and has not yet taken further action. (*See* ECF No. 9-1.) Petitioner must seek relief in the state courts, including appellate relief if necessary, before pursuing a federal habeas petition. *See* NRS § 189.010.

### c. *Younger* Abstention

Even when the claims in a petition have been fully exhausted in the state courts, a federal court generally will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85; *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. There are three exceptions to the *Younger* abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 45-50.

Petitioner has not opposed Respondents' Motion (*see* LR 7-2(d)), and the Court is also not aware of any extraordinary circumstances here that warrant its intervention in Petitioner's state criminal proceedings. The Court thus concludes that Petitioner does not state a claim under the IAD because Nevada has not lodged a detainer on Petitioner with

Colorado. Moreover, the Petition is unexhausted and Petitioner has not presented any basis for the Court to circumvent the *Younger* abstention at this time.[2] Accordingly, the Petition is dismissed.

### d. Certificate of Appealability

This is a final order adverse to Petitioner. The Court has *sua sponte* evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A); *see also Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). Under § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

The Court finds that none of its determinations and rulings in adjudicating the Petition meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability for its resolution of the Petition.

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 8) is granted.

It is further ordered that the Petition (ECF No. 6) is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Respondents also point out that Petitioner should have named the District Attorney of Washoe County as respondent. *See Dunlap v. 230th Dist. Court*, Case No. CV-N-88-294-ECR, 701 F. Supp. 752 (D. Nev. 1988).